IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT GRAY                                                                                          PLAINTIFF

      v.                    Civil No. 2:16-CV-02268-PKH-MEF

SEBASTIAN COUNTY DETENTION                                                         DEFENDANT
CENTER

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND**

Plaintiff filed his complaint on November 21, 2016. (Doc. 1). He alleges he was denied medical treatment for an injury. (Doc. 1, p. 4).

Plaintiff seeks monetary compensation for wages lost, medical billing, past and future physical therapy, pain and suffering, and emotional damage. (Doc. 1, p. 5).

**II.   ANALYSIS**

Plaintiff lists only the Sebastian County Detention as a Defendant. On November 21, 2016, the Court entered an order directing Plaintiff to file a completed IFP application and an amended complaint. This order advised Plaintiff that the Sebastian County Detention Center is just a

building and cannot be sued. He was advised that if he wished to substitute an individual in place of the Detention Center, he should do so in the amended complaint. Both the IFP application and the amended complaint were due by December 1, 2016. (Doc. 3, p. 1). Plaintiff filed a completed IFP application, but did not submit an amended complaint.

The Sebastian County Detention Center is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 9th day of December, 2016.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE